Jo Ann ZITNANSKY, Jaro Zitnansky,
Plaintiffs–Appellants,

v.

INTERNATIONAL FIDELITY
INSURANCE COMPANY,
Defendant–Appellee.

Nos. 06–0357–cv, 06–1739–cv.

United States Court of Appeals,
Second Circuit.

April 3, 2007.

Jaro Zitnansky, pro se, on submission,
for Plaintiffs–Appellants.

Noah J. Fisette, Sills Cummis Epstein &
Gross, P.C., Newark, N.J., for Defendant–
Appellee.

PRESENT: Hon. GUIDO
CALABRESI, Hon. ROBERT D. SACK,
Hon. RICHARD C. WESLEY, Circuit
Judges.

## SUMMARY ORDER

On May 23, 2003, the United States District Court for the Eastern District of New York (Glasser, *J.*) granted summary judgment to then-plaintiff International Fidelity Insurance Company ("IFIC") in a diversity action in which IFIC sought reimbursement from Jo Ann Zitnansky and Jaro Zitnansky, as well as from North Shore Environmental Solutions, Inc., a company of which the Zitnanskys are principals. In June 2005, the Zitnanskys, proceeding *pro se*, filed the present suit, alleging that the district court's May 2003 decision was erroneous due to, *inter alia*, fraud and perjury committed by IFIC. On December 19, 2005, the district court (Spatt, *J.*) granted IFIC's motion to dismiss the complaint on the basis of res judicata.

We affirm for substantially the same reasons set forth by the district court: insofar as the Zitnansky's complaint challenged the first district court's decision holding that they were to indemnify IFIC, it is barred by res judicata. In addition, we note that the Zitnanskys could have filed, in the first action in district court, a motion to set aside the judgment, pursuant to Fed.R.Civ.P. 60(b)(3), for fraud, misrepresentation or other adverse conduct by IFIC. Assuming arguendo that such an argument would be timely, however, *see* Fed.R.Civ.P. 60(b) (noting that while a Rule 60(b) motion must ordinarily be filed within a year of the complained-of judgment, "[t]his rule does not limit the power of a court ... to set aside a judgment for fraud upon the court"), the Zitnanskys' claims of fraud were wholly conclusory.

The judgment of the district court is therefore **AFFIRMED**.